UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARNOLD R. MANANSALA, <br><br> Petitioner, <br><br> v. <br><br> ISRAEL JACQUEZ, <br><br> Respondent. | Case No. C19-0698-JCC-MAT <br><br> REPORT AND RECOMMENDATION |

Petitioner Arnold Manansala is a federal prisoner who is currently confined at the Federal Detention Center in SeaTac, Washington. He has presented to the Court for review a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 4) Petitioner asserts in his petition that he is being unlawfully deprived of good time credits because the Federal Bureau of Prisons ("BOP") has not recalculated the application of such credits to his sentence in accordance with the First Step Act of 2018. (*See id*. at 2, 6, 9-13.) Petitioner asks that the Court direct the BOP to recalculate his good time credits and to declare that the new calculation governs his release date. (*Id*. at 7, 14.) Petitioner contends that, if the requested relief is granted, he would be entitled to an additional 84 days of good time credit, resulting in a projected release date of March 20, 2020, and that he would be eligible for pre-release to a halfway house or home confinement on or about September 19, 2019. (*See* Dkt. 9 at 1.)

REPORT AND RECOMMENDATION - 1

Respondent, in his answer to the petition, contends that petitioner's petition is premature and unripe because the provision of the First Step Act under which he seeks relief has not yet taken effect and will not take effect until July 19, 2019. (Dkt. 8 at 4.) Respondent notes that other district courts that have considered petitions alleging claims similar to those presented by petitioner have denied relief because the amendment has not yet taken effect. (*See id*. at 5.) Respondent also contends that relief is not appropriate because petitioner failed to exhaust his administrative remedies. (*Id*. at 6-8.)

Petitioner's claim for relief arises out of provisions of the First Step Act which was signed into law on December 21, 2018. *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018). Subsection 102(b)(1) of the Act amended 18 U.S.C. § 3624(b)(1) to change the method by which the BOP calculates good conduct time credits. This amendment permits federal inmates to earn up to 54 days of good conduct time for each year of the sentence imposed, rather than the effective rate of 47 days of credit that resulted from the manner in which the BOP calculated good time credit under § 3624(b)(1) prior to the amendment. Subsection 102(b)(2) of the Act delays implementation of all amendments to § 3624 until 210 days following enactment of the Act, or until July 19, 2019. It is this "effective date" provision which is at the heart of this case.

The instant petition is one of a large number of § 2241 habeas petitions filed by federal prisoners seeking immediate recalculation of their good time credits under the provisions of the First Step Act. In a significant number of these cases, the petitioners argued that they were entitled to release, or pre-release to a halfway house or home confinement, prior to July 19, 2019.[1]

---

[1] *See e.g*., *Jeffreys v. Jacquez*, C19-323-JLR-MLP; *Queen v. Jacquez*, C19-440-TSZ-MAT; *Lestrick v. Jacquez*, C19-476-JLR-MLP; *Acedo v. Jacquez*, C19-529-RSM-MLP; *Corbett v. Jacquez*, C19-531-MJP-BAT; *Ephrem v. Jacquez*, C19-534-RAJ-BAT; *Gandarilla-Duarte v. Jacquez*, C19-535-RSL-MAT; *Garcia-Orante v. Jacquez*, C19-536-RAJ-MLP; *Soundingsides v. Jacquez*, C19-544-JCC-MLP; *Turner v. Jacquez*, C19-545-JCC-BAT;

REPORT AND RECOMMENDATION - 2

In *Johnston v. Jacquez,* C19-550-JLR, the first of this body of cases to be decided in this Court, the Court expressly rejected the respondent's arguments that the petition was subject to dismissal because it was unripe and because the petitioner failed to exhaust his administrative remedies. *See* Case No. C19-550-JLR, Dkts. 12, 14. With respect to the issue of ripeness, the Court noted that the gravamen of the petitioner's petition was that the good time fix amendment should have taken effect immediately upon enactment of the First Step Act on December 21, 2018, and that if the Court had accepted his argument he would have been entitled to release prior to July 19, 2019. *See id.*, Dkt. 12 at 8-10. The Court explained that forcing the petitioner to wait until the amendment took effect would moot his claim, and it therefore concluded that the petition was "not unripe." *See id.* at 10.

With respect to the issue of exhaustion, the Court concluded in *Johnston* that requiring the petitioner to exhaust his administrative remedies would be futile because the BOP had predetermined the issue, making clear that any requests for the calculation of good time credits under the amended statute would be denied because the statute was not effective immediately. *Id.* at 10-12. As to the merits of the petitioner's claims, the Court concluded that the petition should be denied because subsection 102(b)(1) of the Act, the good time fix amendment, had not yet taken effect and, under the specific terms of the Act, would not take effect until July 19, 2019. *See id.* at 15-20. Finally, the Court rejected the petitioner's claim that the delayed implementation of the good time fix amendment violated his due process and equal protection rights. *Id.* at 12-15.

This action differs from *Johnston* because here, even if petitioner were to receive an immediate recalculation of his good-time credits, the end of his term of confinement is not

---

*Rigney v. Jacquez*, C19-548-RSL-MLP; *Corbitt v. Jacquez*, C19-549-TSZ-MAT; *Johnston v. Jacquez*, C19-550-JLR-BAT; and *Worthy v. Jacquez*, C19-783-JLR-MLP.

REPORT AND RECOMMENDATION - 3

imminent and will not pass prior to July 19, 2019, the date on which the provision of the First Step Act under which he seeks relief will take effect. It is therefore abundantly clear that petitioner's petition is premature and should be dismissed on this basis. This case also differs from *Johnston* with respect to the issue of exhaustion. In *Johnston*, the Court determined that it would be futile to require the petitioner to exhaust his administrative remedies because the BOP had made clear that it would deny requests for calculation of good time credits under the amended statute because the statute was not yet effective, and the petitioner was claiming a right to immediate release. In this case, petitioner's projected release date under the amended statute is still well in the future giving petitioner time to make use of the administrative remedy process provided by the BOP, *see* 28 C.F.R. § 542.10, *et seq.*, before seeking review in this Court.

For the foregoing reasons, this Court recommends that petitioner's federal habeas petition be dismissed. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 19, 2019**.

DATED this 3rd day of July, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4